## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

| | |
|---|---|
| JOHN JAMES GALADA | PLAINTIFF |
| VS. | CIVIL ACTION NO. 1:07cv937-LG-JMR |
| DIANE GASTON-RILEY, Major; and MARVIN LIPSCOMB, Deputy Sheriff | DEFENDANTS |

## REPORT AND RECOMMENDATION:

BEFORE THE COURT is Plaintiff's Motion [146-1] for Default Judgment as to Defendant Diane Gaston-Riley, in the above styled action, filed on December 14, 2009. Defendant Diane Gaston-Riley filed a Response [147-1] in Opposition on December 17, 2009. Thereafter, Plaintiff filed his Rebuttal [153-1] on January 11, 2010. After considering the Motion and all pleadings of the record, in conjunction with the applicable law, the Court finds that Plaintiff's Motion is not well-taken and should be denied.

On July 11, 2007, Plaintiff, John Galada, filed this *pro se* § 1983 action against Defendant George Payne, Jr., ("Defendant Payne") in his official capacity as the Sheriff of Harrison County, alleging violations of his civil rights while being held as a pretrial detainee in the Harrison County Adult Detention Center. Additionally, Plaintiff asserted claims against two unknown defendants identified as John Roe and Jane Doe. On January 30, 2009, Plaintiff filed an Amended Complaint [104-1] naming Diane Gaston-Riley and Marvin Lipscomb as the previously unknown defendants Jane Doe and John Roe. On February 5, 2009, summonses were issued as to Diane Gaston-Riley and Marvin Lipscomb. (*See* Summons [107-1] Issued.) Before the United States Marshal's Service returned the summonses as to Gaston-Riley and Lipscomb, a Report and Recommendation [110-1]

was entered recommending the dismissal of Plaintiff's official capacity claims against Defendant Payne. On March 11, 2009, the USMS returned both summonses as to Defendants Gaston-Riley and Lipscomb unexecuted. (*See* Returned [116-1, 117-1] Summonses.) Then on March 13, 2009, this Court entered an Order [118-1] Adopting the Report and Recommendation and dismissing Plaintiff's claims against Defendant Payne with prejudice. Thereafter, Plaintiff sought assistance from the Court in locating current addresses for Defendants Gaston-Riley and Lipscomb.

On August 12, 2009, the Court entered an Order to Show Cause requiring Plaintiff to inform the Court of what diligent efforts he has taken to obtain current addresses for Defendants Gaston-Riley and Lipscomb. (*See* Order [125].) After receiving Plaintiff's response, the Court, by TEXT ORDER ONLY entered on September 1, 2009, ordered the expected Defendants' attorney to provide Plaintiff with current addresses for Defendants Gaston-Riley and Lipscomb. On September 9, 2009, Defendants' attorney informed Plaintiff and the Court of the current address for Defendant Martin Lipscomb, and agreed to accept service on behalf of Defendant Diane Gaston-Riley.[1] On October 15, 2009, this Court ordered summons to be issued to Defendant Lipscomb and ordered that Defendant Gaston-Riley file an answer to Plaintiff's Amended Complaint within thirty (30) days. (*See* Order [137].) Thus, Defendant Gaston-Riley's answer to Plaintiff's Amended Complaint was due on November 16, 2009.[2] *Id.* On November 13, 2009, Defendant Gaston-Riley timely filed her Answer to Plaintiff's Amended Complaint. (*See* Answer [141-1].) On that same day, Defendant

---

[1]Defendants' attorney noted that the Harrison County Adult Detention Center had no record of an employee by the name of Marvin Lipscomb, but it did employ an officer by the name of Martin Lipscomb.

[2]The thirty (30) days in which to file an answer or defensive pleading against Plaintiff's Amended Complaint would have expired on November 15, 2009, which fell on a Sunday. Accordingly, Defendant Gaston-Riley's Answer was due on or before the following business day, Monday, November 16, 2009.

Gaston-Riley mailed a copy of her Answer to Plaintiff. *Id*. at 18. Defendant Lipscomb was unable to be located to be served. (*See* Returned [140-1] Summons.)

On November 20, 2009, Plaintiff sought Entry of Default, as to Defendant Gaston-Riley, from the Clerk of the Court, however, the Clerk refused to enter default. (*See* Mot. [142-1].) Defendant Gaston-Riley responded to Plaintiff's request by noting that her Answer to Plaintiff's Amended Complaint had been timely filed on November 13, 2009, and a copy mailed to Plaintiff. (*See* Resp. [144-1].) Plaintiff filed the present Motion [146-1] for Default Judgment on December 14, 2009. Defendant Gaston-Riley responded by again noting that she timely filed her Answer to Plaintiff's Amended Complaint and mailed Plaintiff a copy. (*See* Resp. [147-1].) Also, Defendant Gaston-Riley re-mailed Plaintiff a stamped "filed" copy of her Answer on December 17, 2009. *Id.* Plaintiff filed a Rebuttal on January 11, 2010, acknowledging the fact that Defendant Gaston-Riley did timely file her Answer on November 13, 2009. (*See* Reb. [153-1].)

Defendant Gaston-Riley was provided until November 16, 2009, to file her answer or otherwise defensive pleading to Plaintiff's complaints. Federal Rule of Civil Procedure 55 provides the mechanism for enforcing a defendant's time limit in responding to a complaint by allowing a plaintiff to move for entry of default and default judgment. Specifically, Rule 55(a) states:

> When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.

FED. R. CIV. P. 55(a). As discussed above, Defendant Gaston-Riley timely filed her necessary response to Plaintiff's Amended Complaint. Thus, this Court finds that Plaintiff is not entitled to Default Judgment pursuant to Rule 55. Accordingly, the Court recommends that Plaintiff's Motion [146-1] for Default Judgment be denied.

In accordance with the Rules of this Court, any party, within fourteen days after being served

a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United States Auto Ass'n*, 79 F.3d 1425 (5th Cir. 1996).

This the  22nd  day of January, 2010.

                                                         s/ John M. Roper, Sr.  
                                       CHIEF UNITED STATES MAGISTRATE JUDGE