## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

JOHN JAMES GALADA                           **PLAINTIFF**

VS.                          **CIVIL ACTION NO. 1:07cv937-LG-JMR**

DIANNE GATSON-RILEY, et al.                    **DEFENDANTS**

---

### REPORT & RECOMMENDATIONS:

This matter is before the Court pursuant to a Motion [160-1] to Dismiss filed on behalf of Defendant Dianne Gatson-Riley on February 11, 2010. Defendant Gatson-Riley's Motion is accompanied by a Memorandum [161-1] in Support thereof. Plaintiff filed a Brief [165-1] in Opposition on March 1, 2010, to which Defendant Gatson-Riley filed a Rebuttal [166-1]. The Court being fully advised in the premises, and after carefully considering the pleadings filed as a matter of record, along with the applicable law, recommends that Defendant Gatson-Riley's Motion [160-1] to Dismiss be granted, and Plaintiff's claims against Defendant Gatson-Riley be dismissed with prejudice. Furthermore, the Court recommends that Plaintiff's claims against remaining unserved Defendant Martin Lipscomb be dismissed with prejudice, and Plaintiff's Amended Complaint be dismissed.

### STATEMENT OF THE CASE:

On July 11, 2007, Plaintiff, John Galada, filed this *pro se* § 1983 action against Defendant George Payne, Jr., in his official capacity as the Sheriff of Harrison County, alleging violations of his civil rights while being held as a pretrial detainee at the Harrison County Adult Detention Center ("HCADC"). Additionally, Plaintiff asserted claims against two unknown defendants identified as John Roe and Jane Doe. On January 30, 2009, Plaintiff filed an Amended Complaint [104-1]

naming Dianne Gatson-Riley and Martin Lipscomb as the previously unknown defendants Jane Doe and John Roe. On February 18, 2009, this Court entered a Report and Recommendation recommending the dismissal of Plaintiff's claims against Defendant Payne. On March 13, 2009, this Court entered an Order [118-1] Adopting the Report and Recommendation and dismissing Plaintiff's claims against Defendant Payne with prejudice.

Thereafter, Plaintiff sought assistance from the Court in locating current addresses for Defendants Gatson-Riley and Lipscomb. On August 12, 2009, the Court entered an Order to Show Cause requiring Plaintiff to inform the Court of what diligent efforts he has taken to obtain current addresses for Defendants Gatson-Riley and Lipscomb. (*See* Order [125].) After receiving Plaintiff's response, the Court, by TEXT ORDER ONLY entered on September 1, 2009, ordered the expected Defendants' attorney to provide Plaintiff with current addresses for Defendants Gatson-Riley and Lipscomb. On September 9, 2009, Defendants' attorney informed Plaintiff and the Court of the current address for Defendant Lipscomb, and agreed to accept service on behalf of Defendant Gatson-Riley. On October 15, 2009, this Court ordered summons to be issued to Defendant Lipscomb and ordered that Defendant Gatson-Riley file an answer to Plaintiff's Amended Complaint within thirty (30) days. (*See* Order [137].) On November 13, 2009, Defendant Gatson-Riley timely filed her Answer to Plaintiff's Amended Complaint. (*See* Answer [141-1].) Defendant Lipscomb was unable to be located to be served. (*See* Returned [140-1] Summons.)

## FACTS:

Plaintiff was arrested by the Gulfport, Mississippi Police on or about September 3, 2005, shortly following Hurricane Katrina, and was booked and detained at the HCADC. (*See* Pl.'s Am. [104-1] Compl.) During this period of incarceration, Plaintiff complains of inadequate conditions of confinement at the HCADC, an incident of excessive force involving Defendant Lipscomb, and

overcrowding in the jail. *Id.* In November 2005, Plaintiff contacted a bondsman and arranged his release. *Id.*

Plaintiff was re-arrested and returned to the HCADC on or about January 31, 2006, and he claims the overcrowding had gotten worse. *Id.* Plaintiff alleges that the HCADC was "falling apart from excessive wear-and-tear" and that general maintenance was not keeping up with repairs which made living conditions unsafe and deplorable. *Id.* at 10. Plaintiff was thereafter released. *Id.*

Plaintiff was again arrested on March 7, 2006 and detained at the HCADC. Plaintiff complains that he had to sleep on the floor due to the excessive overcrowding and alleges that the "jail personnel were disorganized from recent arrests and deputy confessions of prisoner abuse following a U.S. Justice Department investigation into the death of a pretrial detainee." *Id.* Also, Plaintiff claims that many prisoners were inflicted with diseases and illnesses, such as Staph, hepatitis and H.I.V., that went untreated or unreported. Thus, he claims he and other inmates lived in fear each day of contracting a serious disease, illness or infection. *Id.* Plaintiff also asserts that many fights and assaults would happen among inmates because of the overcrowding, which heightened his fear of being attacked. *Id.* Plaintiff states he bonded out of jail in either November or December of 2006. *Id.*

On or about February 5, 2007, Plaintiff was again arrested, for a misdemeanor charge, and housed in the HCADC. *Id.* at 13. Plaintiff claims that city court released him the next day, but because of the HCADC's antiquated computers, he was not released until three (3) days later. *Id.*

Plaintiff was again arrested and returned to the HCADC on or about May 11, 2007. *Id.* Plaintiff claims that overcrowding was still a problem. *Id.* Also, Plaintiff alleges that the limited number of stamps that were provided hindered his access to courts. *Id.* at 14. Plaintiff was sentenced on his state criminal matter on August 20, 2007 and subsequently transferred into the custody of the

Mississippi Department of Corrections. *Id.* Plaintiff states that "[he] is no longer oppressed by the conditions existing at H.C.A.D.C." *Id.*

Plaintiff filed his original complaint on July 11, 2007, against Sheriff George H. Payne, Jr. in his official capacity as Sheriff of Harrison County and two unknown defendants identified as John Roe and Jane Doe. (*See* Pl.'s Compl. [1-1]; *see also* Pl.'s Resp. [13-1] Order 3.) Plaintiff alleged that the HCADC was overcrowded, that he was subjected to deplorable living conditions, human diseases and infections including Staph and serious skin rashes, that his medical requests were ignored, and that he was denied basic necessities such as toilet paper, razors and medical supples. Also, Plaintiff alleged that he was subjected to physical assault by one of the HCADC officers, later identified as Martin Lipscomb.

Plaintiff filed an Amended Complaint on January 30, 2009, replacing the unknown defendants John Roe and Jane Doe with Defendant Diane Gatson-Riley and Defendant Martin Lipscomb. (*See* Am. [104-1] Compl.) On February 5, 2009, summonses were issued as to Gatson-Riley and Lipscomb. (*See* Summons [107-1] Issued.) Before the United States Marshal's Service returned the summonses as to Gatson-Riley and Lipscomb, a Report and Recommendation [110-1] was entered recommending summary judgment be granted in Defendant Payne's favor and the dismissal of Plaintiff's official capacity claims against Defendant Payne. On March 11, 2009, the USMS returned both summonses as to Defendants Gatson-Riley and Lipscomb unexecuted. (*See* Returned [116-1, 117-1] Summonses.) Then on March 13, 2009, this Court entered an Order [118-1] Adopting the Report and Recommendation and dismissing Plaintiff's claims against Defendant Payne with prejudice.

Thereafter, Plaintiff sought assistance from the Court in obtaining current addresses for Defendants Gatson-Riley and Lipscomb. The Court, by TEXT ORDER ONLY entered on

September 1, 2009, ordered the expected Defendants' attorney to provide Plaintiff with current addresses for Defendants Gatson-Riley and Lipscomb. On September 9, 2009, Defendants' attorney informed Plaintiff and the Court of the current address for Defendant Lipscomb, and agreed to accept service on behalf of Defendant Gatson-Riley. On October 15, 2009, this Court ordered summons to be issued to Defendant Lipscomb at his current address and ordered that Defendant Gatson-Riley file an answer to Plaintiff's Amended Complaint within thirty (30) days. (*See* Order [137].) On November 13, 2009, Defendant Gatson-Riley timely filed her Answer to Plaintiff's Amended Complaint. (*See* Answer [141-1].) Defendant Lipscomb was unable to be located to be served and to date remains unserved. (*See* Returned [140-1] Summons.) Defendant Gatson-Riley filed the present Motion [160-1] to Dismiss on February 11, 2010.

## STANDARD OF REVIEW:

The Complaint in this case is governed by the Prison Litigation Reform Act ("PLRA"). Because Plaintiff is a detainee who proceeds *in forma pauperis*, the PLRA authorizes the Court to dismiss the case if it is determined that the complaint is frivolous. *See* 42 U.S.C. § 1997(e)(c); 28 U.S.C. § 1915A(b). A complaint is frivolous if it lacks any arguable basis in law or fact. *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). "A complaint lacks an arguable basis in fact if it is wholly based on an indisputably meritless legal theory . . . ." *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999). A motion to dismiss pursuant to § 1915(e)(2)(B)(ii) is governed by the same standard used to review a dismissal pursuant to FED. R. CIV. P. 12(b)(6). *See* Newsome v. EEOC, 301 F.3d 227, 231 (5th Cir. 2002).

In considering a motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6), the Court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Baker v. Putnal,* 75 F.3d 190, 196 (5th Cir.1996). The issue is not whether the plaintiff will prevail but

whether the plaintiff is entitled to pursue his complaint and offer evidence in support of his claims. *Doe v. Hillsboro Indep. Sch. Dist.,* 81 F.3d 1395, 1401 (5th Cir. 1996). Motions to dismiss are disfavored and are rarely granted. *Beanal v. Freeport-McMoran, Inc.,* 197 F.3d 161, 164 (5th Cir. 1999). Dismissal should not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* at 164 (quoting *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957)). "However, 'the complaint must contain either direct allegations on every material point necessary to sustain a recovery ... or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial.'"*Rios v. City of Del Rio, Tex.*, 444 F.3d 417, 420-421 (5th Cir. 2006)(quoting 3 CHARLES ALAN WRIGHT & ARTHUR R.MILLER, FEDERAL PRACTICE AND PROCEDURE: Civ. 2d § 1216 at 156-159 (footnote omitted)). The Court does not accept conclusory allegations or unwarranted deductions of fact as true. *Tuchman v. DSC Communications Corp.,* 14 F.3d 1061, 1067 (5th Cir.1994).

Ordinarily, the Court may not look beyond the pleadings in ruling on a 12(b)(6) motion. *Baker*, 75 F.3d at 196. However, in evaluating a motion which challenges the adequacy of a complaint under 12(b)(6) in a prisoner's *pro se* suit, this Court must look beyond the inmate's formal complaint and consider material subsequently filed as amendments to that complaint. *Howard v. King,* 707 F.2d 215, 220 (5th Cir.1983). Furthermore, the Fifth Circuit has stated:

> [I]t is the responsibility of the courts to be sensitive to possible abuses [in the prison systems] in order to ensure that prisoner complaints, particularly *pro se* complaints, are not dismissed prematurely, however unlikely the set of facts postulated. An opportunity should be provided the prisoner to develop his case at least to the point where any merit it contains is brought to light.... *Pro se* prisoner complaints must be read in a liberal fashion and should not be dismissed unless it appears beyond all doubt that the prisoner could prove no set of facts under which he would be entitled to relief.

*Jackson v. Cain*, 864 F.2d 1235, 1241 (5th Cir. 1989)(quoting *Taylor v. Gibson*, 529 F.2d 709, 713-

714 (5th Cir. 1976)).

To survive a motion to dismiss, plaintiffs are required to plead "enough facts to state a claim to relief that it is plausible on its face" and his "factual allegations must be enough to raise a right to relief above the speculation level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (abrogating *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957), to the extent the Court concluded therein that a plaintiff can survive a motion to dismiss "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief"). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Recently, the Supreme Court clarified that review of a 12(b)(6) motion is guided by two principles: one, a court must apply the presumption of truthfulness only to factual matters, and not to legal conclusions; and two, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.*

## APPLICABLE LAW:

42 U.S.C. § 1983 imposes liability upon any person who, acting under the color of state law, deprives another of federally protected rights. Therefore, section 1983 affords a remedy to those who suffer, as a result of state action, deprivation of rights, privileges, or immunities secured by the Constitution and the Laws of the United States. *White v. Thomas*, 660 F. 2d 680, 693 (5th Cir. 1981). A plaintiff cannot succeed merely by showing any deprivation of his rights. Section 1983 was intended to protect rights protected by federal law. *Karmi-Panahi v. Los Angles Police Dept.*, 839 F. 2d 621 (9th Cir. 1988); *Wright v. Collins*, 766 F.2d 841 (5th Cir. 1985). It neither provides a

general remedy for the alleged tort of state officials, nor opens the federal courthouse doors to relieve complaints of all who suffer injury at the hands of the state or its officers. Municipal liability under section 1983 requires proof of three elements: a policymaker; an official policy; and a violation of constitutional rights whose "moving force" is the policy or custom. *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001); *Monell v. Dep't of Soc. Services*, 436 U.S. 658, 694 (1978). *Monell* and later decisions reject municipal liability predicated on *respondeat superior*, because the text of section 1983 will not bear such reading. *Board of Comm'rs of Bryan County v. Brown*, 520 U.S. 397, 403 (1997). "Congress did not intend municipalities to be held liable unless action pursuant to official municipal policy of some nature caused a constitutional tort." *Monell*, 436 U.S. at 691.

A suit against a governmental agent or officer in his official capacity is a suit against the office that the employee holds and not against the actual employee. *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985). The three requirements for municipal liability outlined in *Piotrowski* are necessary in order to distinguish between individual violations by local employees and those that can be fairly attributed to conduct by the governmental entity itself. *See Piotrowski*, 237 F.3d at 578-79. The United States Supreme Court has clearly emphasized the necessity of an official policy as a predicate to recovery under a theory of municipal liability:

> [A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983.

*Monell*, 436 U.S. at 695. Therefore, municipalities may not be held liable for acts of lower level employees, but may be held liable for constitutional violations committed pursuant to an official

policy or custom. *Piotrowski*, 237 F.3d at 578.

In addition, not only must the plaintiff establish that a policy or custom of the municipality was the "moving force" behind the alleged violation of a constitutional right; he must also establish that the municipality was "deliberately indifferent" to the known consequences of the policy. *Id.* at 580; *See Lawson v. Dallas County*, 286 F.3d 257, 264 (5th Cir. 2002) ("[T]he municipality must maintain its official policy with deliberate indifference to a constitutionally protected right."). Deliberate indifference is an objective standard which encompasses "not only what the policymaker actually knew but what he should have known, given the facts and circumstances surrounding the official policy and its impact on the plaintiff's rights." *Lawson*, 286 F.3d at 264. The Fifth Circuit has noted that the plaintiff bears an "extremely heavy burden" in establishing both the municipality's deliberate indifference and a causal link between the alleged custom and the alleged constitutional violation. *Peters v. City of Biloxi*, 57 F.Supp. 2d 366, 376 (S.D. Miss. 1999). *See Snyder v. Trepagnier*, 142 F.3d 791, 798 (5th Cir. 1998); *Piotrowski*, 237 F.3d at 580 (Stating that these two requirements "must not be diluted").

## ANALYSIS:

As a pretrial detainee, Plaintiff's constitutional rights flow from the Fourteenth Amendment Due Process Clause rather than the Eighth Amendment prohibition against cruel and unusual punishment. Because they have not yet been convicted of the crime with which they are charged, pretrial detainees have a due process right not to be punished for that crime. *Bell v. Wolfish,* 441 U.S. 520, 535 (1979). The Supreme Court has stated the distinction between conditions that may be constitutionally imposed on convicted prisoners and conditions that may be imposed on pretrial detainees as follows:

> [T]he State does not acquire the power to punish with which the Eighth Amendment is concerned until after it has secured a formal adjudication of guilt in accordance with due process of law. **Where the State seeks to impose punishment without such an adjudication, the pertinent constitutional guarantee is the Due Process Clause of the Fourteenth Amendment.**

*Ingraham v. Wright,* 430 U.S. 651, 671-72 (1977) (emphasis added).

The appropriate standard to apply in analyzing constitutional challenges by pretrial detainees depends on whether the alleged unconstitutional conduct is a "condition of confinement"[1] or "episodic act or omission." *See Scott v. Moore,* 114 F.3d 51, 53 (5th Cir.1997) (en banc). The Fourteenth Amendment protects pretrial detainees from the imposition of conditions of confinement that constitute "punishment." *Hamilton v. Lyons,* 74 F.3d 99, 103 (5th Cir.1996). "Punishment" may be loosely defined as "a restriction or condition that is not reasonably related to a legitimate goal-if it is arbitrary or purposeless" *Bell*, 441 U.S. at 539. "Reasonably related" means that the restriction is (1) rationally related to a legitimate governmental purpose, and (2) not excessive in relation to that purpose. *Id.* at 561. "[T]his test is deferential to jail rulemaking; it is in essence a rational basis test of the validity of jail rules." *Hare v. City of Corinth, Miss.,* 74 F.3d 633, 646 (5th Cir.1996).

When a pretrial detainee alleges unconstitutional conduct which involves an episodic act or omission, the question is whether the state official acted with deliberate indifference to the inmate's constitutional rights. *Gibbs v. Grimmette,* 254 F.3d 545, 548 (5th Cir. 2001). When the alleged

---

[1] The following were deemed to be conditions-of-confinement cases: *Murphy v. Walker,* 51 F.3d 714 (7th Cir.1995) (revocation of telephone, television, and cigarette privileges); *Collazo-Leon v. United States Bureau of Prisons,* 51 F.3d 315 (1st Cir.1995) (disciplinary segregation and denial of telephone and visitation privileges); *United States v. Millan,* 4 F.3d 1038 (2d Cir.1993) (length of pre-trial detention); *Hause v. Vaught,* 993 F.2d 1079 (4th Cir.1993) (restriction on mail privileges); *Brogsdale v. Barry,* 926 F.2d 1184 (D.C.Cir.1991) (overcrowding); *Lyons v. Powell,* 838 F.2d 28 (1st Cir.1988) (22-23-hour confinement and placement of mattress on floor); *Fredericks v. Huggins,* 711 F.2d 31 (4th Cir.1983) (policy of refusing detainees access to drugs for rehabilitation); *Lareau v. Manson,* 651 F.2d 96 (2d Cir.1981) (overcrowding).

constitutional violation is a particular act or omission by an individual that points to a derivative policy or custom of the municipality, the deliberate indifference standard is also appropriate. *Scott,* 114 F.3d at 53-54. To prove deliberate indifference, a pretrial detainee must show that the state official knew of and disregarded an excessive risk to the inmate's health or safety. *See Stewart v. Murphy,* 174 F.3d 530, 534 (5th Cir.1999).

The Court notes that although Plaintiff alleges both unconstitutional conditions of confinement and episodic acts or omissions in his Complaint and Amended Complaint, he alleges only unconstitutional conditions of confinement claims against Defendant Gaston-Riley in her individual capacity. Therefore, the Court will address Plaintiff's individual and official capacity claims against Defendant Gatson-Riley separately. The Court notes that Plaintiff does not specify in his Amended Complaint whether his claims are against Defendant Gatson-Riley in her individual capacity, her official capacity, or both. Because *pro se* complaints must be construed liberally, the Court will interpret Plaintiff's Amended Complaint to allege claims against Defendant Gatson-Riley in both her individual and official capacity. *See Williams v. Love,* 2006 WL 1581908, *5 (S.D.Tex. 2006).

**I. Official Capacity Claims:**

The Court must first begin by addressing Plaintiff's attempt to reassert official capacity claims. Plaintiff initiated the present action by filing a Complaint on July 11, 2007, against Sheriff George Payne, Jr. in his official capacity as the Sheriff of Harrison County. (*See* Pl.'s Compl. [1-1].) Plaintiff alleged that he was subjected to unconstitutional conditions of confinement, overcrowding, denied access to courts, and subjected to excessive force at the hands of an HCADC officer, all while incarcerated as a pretrial detainee at the HCADC. *Id.* Plaintiff also identified two unknown

defendants in his Complaint, Jane Doe and John Roe. *Id.* On June 23, 2008, Defendant Payne filed a Motion for Summary Judgment and sought dismissal of Plaintiff's claims, specifically Plaintiff's official capacity claims. (*See* Def.'s Mot. [87-1]; *see also* Mem. [88-1].)

Before the Court ruled on Defendant Payne's Motion [87-1] for Summary Judgment, the Court on October 23, 2008, in response to Plaintiff's request to serve process on previously unknown defendants, ordered Plaintiff to file a Motion to Amend Complaint and instructed Plaintiff that the Court would hold his Motion [81-1] Requesting Leave to Complete Service of Process in abeyance until his Complaint had been amended. (*See* Order [96].) Plaintiff never filed a motion to amend his complaint. On December 1, 2008, a pretrial hearing was held and the Court reiterated to Plaintiff his need to file a Motion to Amend Complaint to add the names of the previously unknown defendants. (*See* Text "ORDER" entered on Jan. 6, 2009.) On January 16, 2009, Plaintiff was ordered to file an amended complaint naming Defendants Gatson-Riley and Lipscomb. (*See* Order [103].) On January 30, 2009, Plaintiff filed an Amended Complaint adding as the previously unknown Defendants, Gatson-Riley and Lipscomb. (*See* Pl.'s Am. [104-1] Compl.) Plaintiff's Amended Complaint, though more detailed, alleges the same unconstitutional conditions of confinement, denial of access to courts, overcrowding, and excessive force violations as raised in his initial Complaint. *Id.*, *see also* Pl.'s Compl. [1-1].

On February 18, 2009, shortly after Plaintiff filed his Amended Complaint, this Court entered a Report and Recommendation on Defendant Payne's Motion [87-1] for Summary Judgment and recommended that Plaintiff's official capacity claims be dismissed with prejudice. (*See* R&R [110-1].) On March 13, 2009, this Court adopted the Report and Recommendation and dismissed Plaintiff's claims against Defendant Sheriff Payne with prejudice. (*See* Order [118].) Thereafter, on September 9, 2009, Defendant Gatson-Riley's attorney accepted service of process on behalf of

Defendant Gatson-Riley. (*See* Resp. [128-1] Order.)

Defendant Gatson-Riley contends that any attempt by Plaintiff to assert an official capacity claim against her is barred by the doctrines of *res judicata* and/or collateral estoppel since Plaintiff's official capacity claims for the alleged constitutional violations against Defendant Sheriff Payne have already been addressed by this Court and dismissed. Plaintiff responds by claiming that the Sheriff and the Jailer of a county have different duties and thus different standards of liability. (*See* Pl.'s Resp. [165-1].) Particularly, Plaintiff claims Sheriff Payne would be liable for operating the HCADC and Defendant Gatson-Riley would be liable for failing to protect prisoners from the alleged unconstitutional conditions of confinement at the HCADC. *Id.* This Court, however, fails to see the distinction.

Suing a governmental official in his official capacity is another way of pleading against the entity of which the official is an agent. *Kentucky v. Graham*, 473 U.S. 159, 165, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985). In other words, an official capacity suit is to be treated as a suit against the entity. *Id.* "An official capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Id.* at 171. Accordingly, Plaintiff's claims against Defendant Payne were in effect claims against Harrison County. Moreover, any official capacity claim against Defendant Gaston-Riley, or Defendant Lipscomb, would be a claim against Harrison County. *See Mairena v. Foti*, 816 F.2d 1061, 1064 (5th Cir. 1987). Because the Sheriff of Harrison County in his official capacity, has already been named, had summary judgment granted in his favor and dismissed as a party, allowing Plaintiff's official capacity claims against the remaining defendants to proceed would be duplicative and redundant.

Also, collateral estoppel precludes relitigation of issues actually adjudicated, and essential

to the judgment, in prior litigation involving a party to the first case. *Allen v. McCurry*, 449 U.S. 90, 94, 101 S. Ct. 411, 66 L. Ed. 2d 308 (1980). Plaintiff's official capacity claims against Defendant Sheriff Payne, and thus Harrison County, were adjudicated by the Court in its March 13, 2009 Order Adopting this Court's Report and Recommendation. As previously noted, Plaintiff's claims raised in his Amended Complaint are the same claims he raised in his first Complaint. Plaintiff's official capacity claims against Defendant Sheriff Payne, which were in effect against Harrison County, were actually litigated and this Court found that Defendant Sheriff Payne, and thus Harrison County, was entitled to summary judgment. As a result, this Court dismissed Plaintiff's official capacity claims. Accordingly, Plaintiff is collaterally estopped from pursuing official capacity claims against Defendant Gatson-Riley, or Defendant Lipscomb, as such claims would in effect be claims against Harrison County.

Although Plaintiff alleges his claims against each remaining defendant both in an individual and official capacity, as the Court has already dismissed his claims against the government defendant, Sheriff Payne, and as a suit against a government official in an official capacity is essentially a suit against a government entity, Plaintiff's "official capacity claims" must be dismissed. *See Brooks v. George County, Mississippi*, 84 F.3d 157, 165 (5th Cir.) (explaining that a claim against a sheriff named in official capacity is a suit against county), *cert. den'd*, 519 U.S. 948, 117 S. Ct. 359, 136 L. Ed. 2d 251 (1996). Furthermore, the Court notes that beyond a policy or custom which caused an alleged constitutional deprivation, a single decision may create liability for Harrison County if that decision were made by a final policymaker responsible for that activity. *Monell*, 436 U.S. at 690-91, *see also Brown v. Bryan County, Oklahoma*, 67 F.3d 1174, 1183 (5th Cir. 1995). "Only those officials who have final policymaking authority may render the municipality liable under § 1983." *Pembaur v. Cincinnati*, 475 U.S. 469, 106 S. Ct. 1292, 89 L. Ed. 2d 452

(1986). In Mississippi, sheriffs are final policymakers for their respective department's law enforcement decisions made within their counties. *Brooks v. George County, et al.*, 84 F.3d 157, 165 (5th Cir. 1996). Thus, Plaintiff initiated the present action against the appropriate figure to establish liability against Harrison County, Defendant Sheriff Payne. However, summary judgment was granted in Defendant Sheriff Payne's favor and Plaintiff's official capacity claims were dismissed. Therefore, to the extent Plaintiff attempts to reassert official capacity claims against the remaining defendants, those claims should be dismissed.

## II. Individual Capacity Claims:

The Court now turns to Plaintiff's individual capacity claims against Defendant Gatson-Riley. The Court begins by noting that, as was done in his first Complaint, Plaintiff has made several allegations of constitutional violations in his Amended Complaint that span from his various periods of incarceration from September 3, 2005 until the filing of his first Complaint on July 11, 2007. However, Plaintiff acknowledges that Defendant Gatson-Riley was only employed at the HCADC, during his incarceration, from September 3, 2005 until September 2006. (Pl.'s Am. [104-1] Compl. 11, 18.) A supervisory official cannot be held individually liable under § 1983 for the actions of subordinates on any theory of vicarious liability; only the official's direct acts or omissions will give rise to individual liability. *Alton v. Texas A&M Univ.*, 168 F.3d 196, 200 (5th Cir. 1999). Plaintiff acknowledges that Defendant Gatson-Riley was not at the HCADC after September 2006. (Pl.'s Am. [104-1] Compl. 11, 18.) Therefore, since Defendant Gatson-Riley was not employed at the HCADC after September 2006, Plaintiff can not establish her individual liability for any of his unconstitutional conditions of confinement allegations contained in his Amended Complaint occurring after September 2006.

A.  Statute of Limitations:

Defendant Gatson-Riley asserts that Plaintiff's claims occurring from September 2005 through November of 2005, Plaintiff's first period of incarceration at the HCADC, are time-barred and should be dismissed with prejudice.  This Court disagrees.  In considering a motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6), the Court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Baker v. Putnal,* 75 F.3d 190, 196 (5th Cir.1996). The issue is not whether the plaintiff will prevail but whether the plaintiff is entitled to pursue his complaint and offer evidence in support of his claims. *Doe v. Hillsboro Indep. Sch. Dist.,* 81 F.3d 1395, 1401 (5th Cir. 1996).  Dismissal should not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* at 164 (quoting *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957)).

Plaintiff's Amended [104-1] Complaint naming Defendants Gatson-Riley and Lipscomb was filed on January 30, 2009. (*See* Am. Compl. [104-1].)  As amended, Plaintiff's Complaint sought individual capacity claims against HCADC employees Gatson-Riley and Lipscomb.  The first attempt at service of process on Defendant Gatson-Riley was unsuccessful. (*See* Returned [116-1] Summons.)  Thereafter, Plaintiff, through the Court, requested a current address.  This Court granted Plaintiff's request and ordered the expected attorney for Defendants Gatson Riley and Lipscomb to provide Plaintiff with their last known addresses.  Defendant Gatson-Riley's attorney agreed to accept service on her behalf, and she filed the present motion to dismiss on February 11, 2010. (*See* Def.'s Mot. [160-1] Dismiss; *see also* Resp. [128-1].)

"A statute of limitations may support dismissal under Rule 12(b)(6) where it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise  some basis for tolling

or the like." *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003)(citations omitted).  Plaintiff's original Complaint was filed pursuant to 42 U.S.C. § 1983, and thus the   applicable statute of limitations is determined by the forum state's personal injury limitations period.  *Jacobsen v. Osborne,* 133 F.3d 315, 319 (5th Cir. 1998).  Accordingly, Plaintiff's Section 1983 claims are governed by Mississippi's general three-year statute of limitations set forth in Miss. Code Ann. § 15-1-49.  *See e.g.*, *Hubbard v. Miss. Conf. of the United Methodist Church*, 138 F. Supp. 2d 780, 781-2 (S.D. Miss. 2001).

As previously noted, Plaintiff has alleged constitutional deprivations during his first period of incarceration at the HCADC, September 3, 2005 through November of 2005.  Pursuant to the applicable limitations period provided by Miss. Code Ann. § 15-1-49, Plaintiff had three years, or until December 1, 2008, to timely file his Amended Complaint against Defendant Gatson-Riley. [2] However, the record reflects that Plaintiff did not file his Amended Complaint [104-1] against Defendant Gatson-Riley until  January 30, 2009 - sixty (60) days after the statute of limitations had run.

Plaintiff responds to Defendant Gatson-Riley's contention that a portion of his claims are barred by the statute of limitations by arguing that he motioned the Court for leave to amend his complaint prior to the expiration of the statute of limitations, and he claims that he is entitled to equitable tolling. (Pl.'s Resp. [165-1] 12.)  The Fifth Circuit has consistently held that "equitable tolling is only appropriate in 'rare and exceptional circumstances.'" *United States v. English*, 400

---

[2]The Court notes that Plaintiff states he bonded out of jail in November of 2005, however, he does not provide a specific date of his release.  Therefore, viewing Plaintiff's complaint in a light most favorable to him, this Court will treat Plaintiff's release date as being November 30, 2005, the last day of November.  The Court also notes that three (3) years later, November 30, 2008, falls on a Sunday, therefore, Plaintiff would have had till the following business day, or December 1, 2008, to file his amended complaint.

F.3d 273, 275 (5th Cir. 2005); *see also Cavazos v. Gonzales*, 181 Fed. Appx. 453 (5th Cir. 2006). In addition to showing that rare and exceptional circumstances prevented the timely filing of a complaint, a plaintiff must also show he acted diligently to protect his rights. *See Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir. 1999).

On May 27, 2008, well before the running of the statute of limitations, Plaintiff filed a Motion Requesting Leave of Court to Complete Service of Process on Defendant Jane Doe. (*See* Pl.'s Mot. [81-1].) In said motion, Plaintiff informed the Court that he had learned the identity of Defendant Jane Doe through newspaper articles, and he sought to serve process on Defendant Gatson-Riley and the current jail administrator, Warden Donald Cabana. *Id.* Plaintiff also identified Defendant Lipscomb as Defendant John Roe in an attachment to his motion, however, Defendant Lipscomb was not identified in Plaintiff's motion and Plaintiff did not request to have process served on Defendant Lipscomb. *Id.*

On July 7, 2008, Plaintiff filed an Addendum/Attachment [91-1] Case Summary, which mentioned Melvin Brisolara, Donald Cabana, and Defendants Gatson-Riley and Lipscomb as defendants in this cause. Thereafter, on October 23, 2008, this Court ordered Plaintiff to file a Motion to Amend Complaint to add as defendants Gatson-Riley and Lipscomb. (*See* Order [96].) Also, the Court ruled that it would hold Plaintiff's Motion [81-1] Requesting Leave of Court to Complete Service of Process on Defendant Jane Doe in abeyance until Plaintiff had formally amended his Complaint. *Id.* However, Plaintiff never filed a motion to amend his Complaint.

To expedite matters, a pretrial conference was held on December 1, 2008 - coincidently, the day the statute of limitations ran. At the conference, Plaintiff clarified the allegations made against the defendants identified in his Addendum/Attachment [91-1]. Plaintiff confirmed that Defendants

Gatson-Riley and Lipscomb were the previously unknown defendants, Jane Doe and John Roe. Also, Plaintiff informed the Court that his allegations against Melvin Brisolara and Donald Cabana stem solely from them replacing Defendant Sheriff Payne and Defendant Gatson-Riley in their official capacities. During the conference, Plaintiff tendered a settlement proposal to Defendant Payne's counsel. The Court advised Plaintiff that it would take his proposed amendments under advisement pending Defendant Payne's determination regarding the settlement offer.

Plaintiff's proposed settlement was rejected by letter dated January 5, 2009. On January 6, 2009, the Court entered a Text ORDER denying Plaintiff's Motion [81-1] for Leave to Issue Service of Process due to the failure of Plaintiff to file a motion to amend his Complaint. *Id.* The Court noted that it had previously directed Plaintiff to file a motion to amend his Complaint naming Defendants Gatson-Riley and Lipscomb as defendants on October 23, 2008 with its Order [96] to Amend and again on December 1, 2008 in the pretrial conference, however, to date Plaintiff had not filed a motion to amend. *Id.*

On January 16, 2009, Plaintiff filed a Status Inquiry with the Court seeking clarification on his motion for leave to amend complaint. (*See* Inquiry [102-1].) Plaintiff informed the Court that he had presented the Court with an amended complaint naming Defendants Gatson-Riley and Lipscomb on November 5, 2008 and again at the pretrial conference on December 1, 2008.[3] *Id.* That same day, January 16, 2009, the Court, in response to Plaintiff's Status Inquiry, entered an Order allowing Plaintiff to substitute Defendants Gatson-Riley and Lipscomb for the defendants previously identified as Jane Doe and John Roe and denied Plaintiff's request to add Warden Donald Cabana and Sheriff Melvin Brisolara as defendants. (*See* Order [103].) Also, the Court ordered Plaintiff to

---

[3]The Court notes that the record does not reflect any such filing by the Plaintiff on or about November 5, 2008.

file an Amended Complaint naming both Defendants Gatson-Riley and Lipscomb as defendants, and the Court further ordered Plaintiff to file a Motion Requesting Leave to Issue Service of Process as to Defendants Gatson-Riley and Lipscomb. *Id.* On January 30, 2009, Plaintiff filed an Amended Complaint and requested service of process be issued as to Defendants Gatson-Riley and Lipscomb. (*See* Am. [104-1] Compl.; Mot. [105-1].)

The Court recognizes that when it first issued process in this cause on September 4, 2007, as to Plaintiff's first Complaint, it informed Plaintiff that once he had determined the proper name and street address for Jane Doe, "he must file a motion with this court requesting that process be ordered for this defendant." (*See* Order [14] Issuing Summonses.) Plaintiff did just that on May 27, 2008 - one hundred and eighty-eighty (188) days before the running of the statute of limitations. (*See* Mot. [81-1].) Also, the Court notes that on July 7, 2008, Plaintiff filed an Addendum/Attachment to his Complaint naming Defendants Gatson-Riley and Lipscomb as defendants. (*See* Attach. [91-1] Compl.) Furthermore, on December 1, 2008, the day the statute of limitations ran, a pretrial conference was held and Plaintiff again informed the Court of his desire to add as defendants Gatson-Riley and Lipscomb. The Court ruled on Plaintiff's request on January 16, 2009, and ordered Plaintiff to file an amended complaint naming Gatson-Riley and Lipscomb as defendants. Shortly thereafter, on January 30, 2009, Plaintiff filed his Amended Complaint. The Fifth Circuit has recognized that equitable tolling is available "in limited circumstances to prevent a plaintiff from unjustly losing a claim vigorously pursued." *Perez v. United States*, 167 F.3d 913, 919 (5th Cir. 1999). Therefore, the Court finds that Plaintiff has acted diligently in pursing his claims and has sufficiently tolled the statute of limitations. Accordingly, the Court finds that Plaintiff's claims against Defendant Gatson-Riley occurring prior to November 2005 are not barred by the applicable statute of limitations.

However, the Court notes that although Plaintiff's claims occurring before November 2005 are not time-barred, they should be dismissed based on the analysis discussed below.

B. Failure to State a Claim:

The great majority of Plaintiff's Amended Complaint is dedicated to challenging the constitutionality of his conditions of confinement at the HCADC. Specifically, Plaintiff contends that he was subjected to rude and disrespectful language, that the telephones did not work, that he had to sleep on the floor at times, that the physical condition of the jail was deplorable, that the jail was overcrowded, and that he was denied basic human necessities such as adequate food, climate control, acceptable noise level for sleeping, sanitary living conditions, and exposure to infectious diseases. (*See* Pl.'s Am. [104-1] Compl.) The Court notes that Plaintiff's claims are appropriately classified as "conditions of confinement" for purposes of Due Process analysis. *See Laureau*, 651 F.2d at 103-04; *Lyons*, 838 F.2d at 31. Therefore, to establish an individual capacity claim against Defendant Gaston-Riley, Plaintiff must allege that the conditions at the HCADC were imposed as a form of punishment. *Hamilton*, 74 F.3d at 103. A punitive purpose can be established by direct allegations of intent of facility officials to punish the pretrial detainee. *Bell*, 441 U.S. at 538. Alternatively, a punitive purpose may be inferred if the challenged condition is not reasonably related to a legitimate penological interest. *Id.* at 539.

After reviewing Plaintiff's Complaint and Amended Complaint, the Court finds that Plaintiff has failed to state an individual capacity claim against Defendant Gatson-Riley pursuant to § 1983. In order to survive a motion to dismiss, a complaint must contain allegations pertaining to every material point necessary to sustain a recovery. *Rios*, 444 F.3d at 420-21. When suing an official in his individual capacity, a plaintiff must allege specific conduct giving rise to a constitutional

violation. *Anderson v. Pasadena Indep. Sch. Dist.*, 184 F.3d 439, 443 (5th Cir. 1999). This standard requires more than conclusional assertions; the plaintiff must allege specific facts giving rise to a constitutional violation. *Oliver v. Scott*, 276 F.3d 736, 741 (5th Cir. 2002) (citation omitted). Since "vicarious liability is inapplicable to... § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 129 S. Ct. at 1948. Plaintiff's pleadings, even if accepted as true, fail to allege that Defendant Gatson-Riley was even aware that Plaintiff was being exposed to the allegedly unconstitutional confinement conditions, much less that Defendant Gatson-Riley imposed the particular conditions as a form of punishment. Plaintiff asserts that the conditions "were obvious to jail officials" and that he "believed that he was being punished." (Pl.'s Am. [104-1] Compl. 6, 9.) Plaintiff has not alleged that Defendant Gatson-Riley imposed any of the alleged conditions with an intent to punish Plaintiff. Further, Plaintiff fails to allege that Defendant Gatson-Riley participated in or contributed to the conditions of Plaintiff's confinement. Because Plaintiff has failed to make direct allegations of punitive intent, the Court must now determine whether Plaintiff has alleged that the conditions of his confinement were not reasonably related to a legitimate governmental objective.

After reviewing Plaintiff's Complaint and Amended Complaint, the Court is unable to conclude that Plaintiff's allegations warrant an inference of punitive intent on the part of Defendant Gatson-Riley. Plaintiff does not allege that the conditions at the jail were maintained either arbitrarily or purposelessly, and he presents no facts from which such an inference may fairly be drawn. Further, Plaintiff plainly acknowledges that he was arrested about one week "after Hurricane Katrina devistated [sic] the Gulf Coast of Mississippi" and that the storm contributed to the deplorable living conditions. (*See* Pl.'s Compl. [1-1].) Further, the Court notes that it has previously found that "[t]he evidence indicates that Plaintiff's allegations concerning the lack of basic supplies,

lack of drinking water, overcrowded cells, and understaffed facilities all stem primarily from the HCADC's struggles to recover in the aftermath of Hurricane Katrina." (*See* R&R [110-1] 9.) Absent any factual allegations tending to establish that Defendant Gatson-Riley imposed the conditions of the HCADC as a form of punishment, Plaintiff's Amended Complaint fails to state a viable claim pursuant to § 1983. *See Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir. 1987).

## III.  Remaining Unserved Defendant:

Upon dismissal of Plaintiff's claims against Defendant Gatson-Riley, the lone claim remaining in Plaintiff's Amended Complaint will be his excessive force claim against Defendant Lipscomb.  As previously noted, Defendant Lipscomb has never been served with process or a copy of Plaintiff's complaint. (*See* Returned [117-1, 140-1 ] Summonses.)

Summons was first issued for Defendant Lipscomb on February 5, 2009. (*See* Summons [107-1].)  However, service of process on Defendant Lipscomb was unsuccessful, as he was no longer employed at the address submitted by Plaintiff. (*See* Returned [117-1] Summons.)  Thereafter, Plaintiff sought assistance from the Court in obtaining a current address for Defendant Lipscomb. On August 12, 2009, the Court entered an Order to Show Cause requiring Plaintiff to inform the Court of what diligent efforts he has taken to obtain a current address for Defendant Lipscomb. (*See* Order [125].)  After receiving Plaintiff's response, the Court ordered the expected attorney for Defendant Lipscomb to provide Plaintiff with Defendant Lipscomb's last known address. (*See* TEXT ORDER ONLY entered on Sept. 1, 2009.)  On September 9, 2009, Defendants' attorney informed Plaintiff and the Court of the last known address for Defendant Lipscomb. (*See* Resp. [128-1].)  On October 15, 2009, this Court ordered summons to be re-issued. (*See* Order [137].)  However, the summons was returned unexecuted on November 4, 2009, noting that Defendant Lipscomb was

unable to be located at that address. (*See* Returned [140-1] Summons.)  The record shows that, to date, Defendant Lipscomb has never been properly served with process nor has he entered an appearance.  Also, Plaintiff has not sought any further assistance from this Court in locating Defendant Lipscomb's current address.

This Court finds that Defendant Lipscomb has never been properly served with process or a copy of Plaintiff's complaint.  However, the Court finds that any further attempts to serve Defendant Lipscomb would be frivolous, as Plaintiff's Amended Complaint does not allege a viable section 1983 claim against Defendant Lipscomb.

Plaintiff claims that during his first period of incarceration at the HCADC, between September 3, 2005 and November 2005, he was subjected to excessive force at the hands of Defendant Lipscomb. (*See* Am. [104-1] Compl.)    Specifically, Plaintiff claims that Defendant Lipscomb approached him about a jail rule violation, attempting to get a second food tray.  Plaintiff asserts that Defendant Lipscomb accused him of lying and ordered him to return to his cell. (*See* Pl.'s Am. [104-1] Compl. 7.)   Once in his cell, Plaintiff claims that Defendant Lipscomb entered Plaintiff's cell and closed the door behind him, thus locking Plaintiff and Defendant Lipscomb in the cell together. *Id.*  Plaintiff then claims Defendant Lipscomb began yelling at him and accusing him of lying. *Id.*  Plaintiff alleges that Defendant Lipscomb shoved Plaintiff against the cell wall and slapped Plaintiff across the face. *Id.*  Plaintiff alleges that this was done to provoke him into fighting back or "smarting off" to Defendant Lipscomb which would initiate a beating by Defendant Lipscomb that was intended. *Id.*  Plaintiff claims that Defendant Lipscomb lost interest and "[left] the cell without seriouly [sic] beating plaintiff." *Id.* at 5.

An excessive-use-of-force claim requires a plaintiff to prove 1) an injury, which 2) resulted

directly and solely from the use of force that was clearly excessive to the need, and the excessiveness of which was 3) objectively unreasonable. *Ikerd v. Blair*, 101 F.3d 430, 433-34 (5th Cir. 1996). Pretrial detainees must demonstrate that they suffered more than a *de minimis* injury when asserting an excessive force claim. *Jackson v. Culbertson*, 984 F.2d 699, 700 (5th Cir. 1993). A *pro se* prisoner plaintiff in a case filed under 42 U.S.C. § 1983 must allege more than a *de minimis* physical injury to state a claim for physical or emotional damages, regardless of the nature of the claim. *Geigler v. Jowers*, 404 F.3d 371 (5th Cir. 2005), 42 U.S.C. § 1997e(e).

In the present 1983 action, Plaintiff alleges that he was slapped once and shoved against the cell wall; Plaintiff does not allege a series of punches, slaps, kicks, or a repeated beating. Plaintiff does not assert that he sought or received medical treatment for any physical injury. There is no allegation that he sustained any damage or injury beyond mental and emotional distress. The Court notes that not every malevolent touch by a prison guard is unconstitutional. *Hudson v. McMillian*, 503 U.S. 1, 9, 117 L. Ed. 2d 156, 112 S. Ct. 995 (1992). A *de minimis* use of force, such as a slap or a shove, does not implicate constitutional concerns. *Id.*; *Bell v. Wolfish*, 441 U.S. 520, 60 L. Ed. 2d 447, 99 S. Ct. 1861 (1979); *Siglar v. Hightower*, 112 F.3d 191, 193-94 (5th Cir. 1997) (a bruised ear lasting for three days after guard twisted inmate's ear and held his arm behind his back was *de minimis* and did not state a claim for excessive force); *Jackson v. Culbertson*, 984 F.2d 699, 700 (5th Cir. 1993) (inmate who suffered no injury when sprayed with a fire extinguisher was exposed to a *de minimis* use of force and his claim was properly dismissed as frivolous). A claim for damages is barred if no physical injury is alleged. *Jones v. Greninger*, 188 F.3d 322, 326 (5th Cir. 1999). Taking Plaintiff's description of the incident as true, the Court finds the alleged force to be *de minimis*, and therefore Plaintiff's claim lacks a legal basis. Thus, Plaintiff's excessive force claim should be dismissed with prejudice for failure to state a claim.

The Fifth Circuit has explained that where a defending party established that a plaintiff has no cause of action, this defense generally inures also to the benefit of a non-answering defendant. *Lewis v. Lynn*, 236 F.3d 766, 768 (5th Cir. 2001) (citing *United States v. Peerless Ins. Co.*, 374 F.2d 942, 945 (4th cir. 1967)). In an unpublished opinion, the Fifth Circuit found no error in granting summary judgment to unserved defendants given that the plaintiff had received adequate notice of the issue dispositive of his claim and responded thereto. *See Elliott v. Morgan*, 111 Fed. Appx. 345 (5th Cir. 2004) (unpublished).[4] In the present case, Defendant Gatson-Riley filed a Motion to Dismiss based on Plaintiff's failure to state a claim on which relief may be granted. Defendant Gatson-Riley also argued that any attempt by Plaintiff to reassert official capacity claims would be barred by *res judicata* and/or collateral estoppel. Plaintiff has failed to show that his official capacity claims are not barred and should not be dismissed. As such, based on the analysis contained herein, any official capacity claim against Defendant Lipscomb should be dismissed with prejudice. Furthermore, the Court must *sua sponte* dismiss a prisoner's § 1983 complaint if the action is malicious or frivolous, fails to state a claim, or seeks monetary relief from an individual that is immune. 28 U.S.C. § 1915(e)(2)(B). A claim may be dismissed as frivolous if it does not have an arguable basis in fact or law. *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005). Based on the analysis discussed *supra*, Plaintiff's excessive-use-of-force claim also lacks a legal basis and fails to state a claim upon which relief can be granted. Accordingly, Plaintiff's claim against Defendant Lipscomb should be dismissed with prejudice.

## RECOMMENDATION:

The Court notes the Plaintiff is proceeding *pro se*, and has viewed the Complaint and

---

[4]Although unpublished opinion is not binding precedent, it is persuasive authority. *Ramchandani v. Gonzales*, 434 F.3d 337, 339 (5th Cir. 2005).

Amended Complaint in a liberal fashion. The Court finds that Plaintiff's claims occurring prior to November 2005 are not barred by the statute of limitations. However, after a thorough review of the record, the court concludes that Plaintiff's pleadings do not state a claim pursuant to § 1983. The Court concludes that Plaintiff's pleadings do not include any allegations that Defendant Gatson-Riley subjected Plaintiff to the alleged conditions of the HCADC for the purposes of punishment. Further, Plaintiff's excessive force claim against the remaining unserved defendant, Defendant Lipscomb, fails to state a viable § 1983 claim. Accordingly, the Court finds that the portion of Defendant Gatson-Riley's Motion to Dismiss based on the statute of limitations should be denied. Further, the Court finds that Defendant Gatson-Riley's Motion to Dismiss for failure to state a claim should be granted, and Plaintiff's complaint be dismissed with prejudice.

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United States Auto Ass'n*, 79 F.3d 1425 (5th Cir. 1996).

**SO ORDERED** this the ___24th___ day of June, 2010.

_s/ John M. Roper, Sr._

CHIEF UNITED STATES MAGISTRATE JUDGE