# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

| | | |
|---|---|---|
| **JOHN JAMES GALADA** | § | **PLAINTIFF** |
| | § | |
| v. | § | **CIVIL ACTION NO. 1:07CV937-LG-JMR** |
| | § | |
| **DIANNE GATSON-RILEY, et al.** | § | **DEFENDANTS** |

## ORDER ADOPTING REPORT AND RECOMMENDATIONS

**BEFORE THE COURT** are the Report and Recommendations [174] entered by Chief United States Magistrate Judge John M. Roper on June 24, 2010, and the Renewed Motion to Appoint Counsel [176] filed by John James Galada on July 23, 2010. Judge Roper recommends that the Motion to Dismiss [160] filed by Dianne Gatson-Riley should be granted because Galada has failed to state a claim upon which relief can be granted. He further recommends that the remainder of Galada's complaint be dismissed, because Galada has not stated a claim upon which relief may be granted against Martin Lipscomb, the remaining unserved defendant. Galada filed an objection to the Report and Recommendations on July 23, 2010. Upon reviewing the submissions of the parties and the applicable law, the Court finds that the Report and Recommendations entered by Judge Roper should be adopted as the opinion of this Court, and that Galada's claims should be dismissed.

### DISCUSSION

**I. Judge Roper's Report and Recommendation**

Galada originally filed this lawsuit against Harrison County Sheriff George Payne, Jr., in his official capacity. He also asserted claims against an unknown deputy and the unknown jail administrator, referring to them as John Roe and Jane Doe, respectively. He later was granted permission to amend his complaint to reflect the names of these defendants– Martin Lipscomb

and Dianne Gatson-Riley. He alleges that he was arrested soon after Hurricane Katrina and was taken to the Harrison County Adult Detention Center. He also asserts that the conditions at the jail following the storm were deplorable: the telephones did not work; there was insufficient supervision and lack of security; the jail was overcrowded; and the prisoners were denied basic necessities such as adequate clothing, adequate food, and proper ventilation. Soon after he was housed at the jail, Deputy Sheriff Lipscomb allegedly slammed him against the wall of his cell a few times and slapped him very hard across his face, because he thought Galada had lied to him.

On March 13, 2009, this Court entered an Order adopting a previous Report and Recommendation [118] that granted summary judgment in favor of Sheriff George H. Payne, Jr., in his official capacity. Judge Roper now recommends that Galada's claims against the remaining defendants–Gatson-Riley and Lipscomb– should also be dismissed. First, Judge Roper determined that Galada's claims against Gatson-Riley and Lipscomb in their official capacities are barred by the doctrine of collateral estoppel. He also found that the individual capacity claims against Gatson-Riley concerning conditions of confinement should be dismissed, because there are no allegations from which it could be inferred that Gatson-Riley imposed the conditions at the jail for the purpose of punishment. *See Hamilton v. Lyons*, 74 F.3d 99, 103 (5th Cir. 1996). Furthermore, Galada, who was arrested one week after Hurricane Katrina, does not dispute that the storm contributed to the problems at the jail. Finally, Judge Roper determined that Galada's claim for excessive force against Lipscomb should be dismissed because Galada does not allege that he suffered anything more than a *de minimis* injury. *See, e.g. Lockett v. New Orleans City*, 607 F.3d 992, 999 (5th Cir. 2010) (to establish an excessive force claim, the "injury must be more than a *de minimis* injury and must be evaluated in the context in which the

force was deployed"); *Glenn v. Tyler*, 242 F.3d 307, 314 (5th Cir. 2001) (explaining that although a showing of a significant injury is no longer required, the injury must be more than a *de minimis* injury); *Jackson v. Culbertson*, 984 F.2d 699, 700 (5th Cir. 1993).

Galada argues that Judge Roper's recommendation concerning the official capacity claims is incorrect, because the sheriff and the jail administrator had separate duties. However, case law is clear that a Section 1983 lawsuit filed against an official in his or her official capacity is a claim against the governmental entity– in this case Harrison County. *See Brooks v. George County, Miss.*, 84 F.3d 157, 165 (5th Cir. 1996); *see also Monell v. Dep't. of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978) (explaining that official capacity lawsuits "generally represent only another way of pleading an action against an entity of which an officer is an agent"). This Court has already determined that Galada's claims against Sheriff Payne in his official capacity, which are in effect claims against Harrison County. Moreover, under Mississippi law, it is the duly elected sheriff of Harrison County who is the final policy maker at the jail. For the reasons stated in the Report and Recommendation concerning Sheriff Payne and this Court's Order adopting that Report and Recommendation [110, 118], the Court finds that Galada's official capacity claims against Gatson-Riley and Lipscomb, which are also claims against Harrison County, should be dismissed.

With regard to the claims against Gatson-Riley in her individual capacity, Galada argues that Gatson-Riley knew of the conditions of the jail but ignored prisoners' complaints. Importantly, Galada still does not argue that Gatson-Riley imposed the conditions for the purpose of punishing inmates. Therefore, this Court finds that Judge Roper properly recommended dismissal of the claims against Gatson-Riley in her individual capacity.

Galada argues that Judge Roper confused the facts concerning the alleged excessive force committed by Lipscomb, and that there was a delay between Lipscomb's accusation that Galada lied and the alleged beating. However, in his objection, Galada does not dispute that he suffered no injuries from the incident. Furthermore, in his Amended Complaint, Galada does not allege any injuries of any kind or that he sought medical treatment. He claims that Lipscomb slapped him and shoved him in an attempt to provoke him to retaliate so that Lipscomb would be justified in inflicting a more serious beating on him. However, Galada claims that he did not retaliate and Lipscomb became distracted by other inmates, which ended the incident before a serious beating could occur. Finally, Galada does not seek any compensatory damages for any alleged injury. He only seeks nominal damages and punitive damages in this lawsuit, relying on case law that pertains to situations in which inmates cannot prove any actual injury. Thus, Judge Roper properly determined that Galada's injuries, if any, were *de minimis* and properly recommended dismissal of the claim against Lipscomb in his individual capacity.

Finally, Galada asserts that his claims are not barred by the statute of limitations. Because Judge Roper determined that Galada's claims were not barred by the statute of limitations, but should be dismissed on other grounds, this Court will not address Galada's arguments concerning the statute of limitations.

As a result, the Court finds that Judge Roper's Report and Recommendation should be adopted as the opinion of this Court, that Gatson-Riley's Motion to Dismiss should be granted, and that Galada's claims against the unserved defendant Martin Lipscomb should be dismissed for failure to state a claim upon which relief can be granted. Galada has not requested permission to amend his complaint to correct the deficiencies in his complaint.

## II. GALADA'S RENEWED MOTION TO APPOINT COUNSEL

Galada argues that counsel should be appointed to represent him because he was transferred to another facility and is no longer incarcerated at the Harrison County Adult Detention Center. Thus, he argues that he is unable to obtain evidence and proof to develop the record. Furthermore, he argues that he is an indigent prisoner. This Court has repeatedly rejected Galada's requests for appointment of counsel, because he has proved himself capable of drafting lengthy and well-researched pleadings. In addition, the time for discovery has passed, and Galada was not prevented from conducting discovery in this lawsuit. Finally, this Court's ruling does not hinge on a lack of discovery, but deficiencies in the amended complaint.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Report and Recommendations [174] entered by Chief United States Magistrate Judge John M. Roper on June 24, 2010, is **ADOPTED** as the opinion of this Court. Galada's claims against Martin Lipcomb are hereby **DISMISSED** for failure to state a claim upon which relief can be granted.

**IT IS FURTHER ORDERED AND ADJUDGED** that the Motion to Dismiss [160] filed by Dianne Gatson-Riley is **GRANTED**. Galada's claims against Gatson-Riley are hereby **DISMISSED** for failure to state a claim upon which relief can be granted.

**IT IS FURTHER ORDERED AD ADJUDGED** that the Renewed Motion to Appoint Counsel [176] filed by John James Galada is **DENIED**.

**IT IS FURTHER ORDERED AND ADJUDGED** that the docket in this matter should be corrected to reflect that the "Sheriff of Harrison County" and the "Harrison County Adult Detention Center Jail Administrator" are **TERMINATED** as parties to this lawsuit because the claims against Sheriff George Payne have previously been dismissed, and the claims against Jail

Administrator Gatson Riley are being dismissed pursuant to this Order.

**IT IS FURTHER ORDERED AND ADJUDGED** that this lawsuit is hereby **DISMISSED**.

**SO ORDERED AND ADJUDGED** this the 4th day of August, 2010.

                                        s/ *Louis Guirola, Jr.*
                                        LOUIS GUIROLA, JR.
                                        UNITED STATES DISTRICT JUDGE